UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN ESCARENO, | 1:08-cv-1945 OWW SMS |
| Plaintiff, | SCHEDULING CONFERENCE ORDER |
| v. | Discovery Cut-Off: 3/12/10 |
| WELLS FARGO, N.A., et al., | Non-Dispositive Motion Filing Deadline: 3/26/10 |
| Defendants. | Dispositive Motion Filing Deadline: 4/12/10 |
| | Settlement Conference Date: 3/30/10 10:00 Ctrm. 7 |
| | Pre-Trial Conference Date: 8/23/10 11:00 Ctrm. 3 |
| | Trial Date: 9/21/10 9:00 Ctrm. 3 (JT-3 days) |

I.  Date of Scheduling Conference.

   April 1, 2009.

II. Appearances Of Counsel.

   Nocos Law Firm by Reuben L. Nocos, Esq., appeared on behalf of Plaintiff.

   Severson & Werson by Jon D. Ives, Esq., appeared on behalf of Defendants Wells Fargo Bank, N.A., Wells Fargo Home Mortgage, a division of Wells Fargo Bank, N.A., and HSBC Bank USA, N.A.

1

Lawrence D. Harris, Esq., appeared on behalf of Defendant First American Loanstar Trustee Services.

III. Summary of Pleadings.

1. Plaintiff Ruben Escareno will be filing an amended complaint on or before April 1, 2009. *See* Docket No. 19. The Defendants will file responses on or before April 20, 2009. *See id.* Accordingly, the parties cannot properly summarize the factual and legal contentions in the Plaintiff's complaint at this time. Nonetheless, it is anticipated that the primary factual and legal contentions will be that the Defendants misrepresented or concealed facts about a $361,600 loan the Plaintiff obtained in October, 2005, from Defendant Wells Fargo Bank, N.A. to purchase a home in Ceres, California, and that the Defendants failed to provide required disclosures in connection with the loan.

2. It is anticipated that the Plaintiff will request a declaration that the Defendants lack authority to foreclose on the Ceres property used to secure the 2005 loan; will seek damages; and will seek attorney fees. It is anticipated that the Defendants will request that the Plaintiff take nothing.

IV. Orders Re Amendments To Pleadings.

1. Plaintiff Ruben Escareno will be filing an amended complaint on or before April 1, 2009. *See* Docket No. 19. The Defendants will file responses on or before April 20, 2009. *See id.*

V. Factual Summary.

A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1. Plaintiff Ruben Escareno is an individual resident of the Eastern District of California, Fresno Division, who purchased a single family residence in Ceres, California.

2. Defendant Wells Fargo Bank, N.A., is a corporation licensed to do commercial banking business in the State of California.

3. Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A.

4. HSBC Bank USA, N.A., is a corporation licensed to do commercial banking business in the State of California.

5. First American Loanstar Trustee Services is a corporation licensed to do business in the State of California.

6. During October, 2005, Plaintiff borrowed $361,600.00 from Defendant Wells Fargo Bank, N.A., to purchase a new single family residence in Ceres, California.

7. That loan was secured by a deed of trust encumbering the residence.

8. Plaintiff Escareno defaulted on the loan.

9. The Notice of Default was recorded in March, 2008.

10. Defendant First American Loanstar Trustee Services was substituted in as the trustee under the deed of trust in April, 2008.

11. A Notice of Trustee's Sale was recorded August 1, 2008.

B. Contested Facts.

1. All remaining facts are disputed.

VI. Legal Issues.

A. Uncontested.

1. Jurisdiction exists under 28 U.S.C. § 1331.

2. Venue is proper under 28 U.S.C. § 1391.

3. The parties agree that the substantive law of the State of California governs supplemental claims. Federal law governs any claims brought with regard to the loan transaction insofar as specific Federal statutes apply.

B. Contested.

1. Whether and to what extent any loan from Defendant, Wells Fargo Bank, N.A., to Plaintiff is valid and enforceable.

2. Whether and to what extent Plaintiff is entitled to any remedies sought by the Complaint.

3. Whether and to what extent defenses asserted by the Defendants can be proved by a preponderance of the evidence.

4. If Plaintiff prevails, the nature and extent of any damages.

5. Whether and to what extent foreclosure of the real property has been validly conducted in accordance with the requirements of law.

VII. Consent to Magistrate Judge Jurisdiction.

1. The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII. Corporate Identification Statement.

1. Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the

statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

 1. The parties shall file their initial disclosures within 60 days following a ruling on any motion to settle the pleadings.

 2. The parties are ordered to complete all discovery on or before March 12, 2010.

 3. The parties are directed to disclose all expert witnesses, in writing, on or before November 23, 2009. Any rebuttal or supplemental expert disclosures will be made on or before December 22, 2009. The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations. Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

 4. The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions.

X. Pre-Trial Motion Schedule.

 1. All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before March 26, 2010, and heard on May 7, 2010, at 9:00 a.m. before Magistrate Judge Sandra

M. Snyder in Courtroom 7.

    2. In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d). However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3. All Dispositive Pre-Trial Motions are to be filed no later than April 12, 2010, and will be heard on May 17, 2010, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI. Pre-Trial Conference Date.

    1. August 23, 2010, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2. The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3. Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

XII. Motions - Hard Copy.

    1. The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached. Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

**XIII. Trial Date.**

    1.    September 21, 2010, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.    This is a jury trial.

    3.    Counsels' Estimate Of Trial Time:

        a.    3 days.

    4.    Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

**XIV. Settlement Conference.**

    1.    A Settlement Conference is scheduled for March 30, 2010, at 10:00 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

    2.    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.    Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship. If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

       a.   A brief statement of the facts of the case.

       b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

       c.   A summary of the proceedings to date.

       d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

       e.   The relief sought.

       f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

*///*

XV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1. The parties do not suggest bifurcation or any other method for shortening trial.

XVI. Related Matters Pending.

    1. There are no related matters.

XVII. Compliance With Federal Procedure.

    1. The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII. Effect Of This Order.

    1. The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

3. Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated:   April 1, 2009**                    **/s/ Oliver W. Wanger**
                                              UNITED STATES DISTRICT JUDGE